IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANA COFFEY and DIANA COFFEY
on behalf of her minor grandchildren I-VII,
and the ESTATE OF ANDREW CRUTCHER,

        Plaintiff,

vs.                                                               No. CIV 09-0028 JB/LFG

McKINLEY COUNTY as it relates to its
DETENTION CENTER and UNKNOWN
STAFF NURSE, and
UNKNOWN DETENTION GUARDS 1-10,
at the McKINLEY COUNTY DETENTION
CENTER,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the County Defendants' Motion for a More Definite Statement, filed March 31, 2009 (Doc. 13). The Court held a hearing on September 10, 2009. The primary issue is whether the Court should require Plaintiff Diana Coffey to provide Defendants McKinley County and McKinley County Detention Center ("County Defendants") with a more definite statement concerning the common law, statutory, and/or constitutional bases of Coffey's claims as currently set forth in the Seventh Claim for Relief contained in her Civil Complaint, filed January 12, 2009 (Doc. 1). Because Coffey made representations on the record during the hearing that the Seventh Claim is a disparate treatment claim under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and because the Defendants were satisfied with those representations, the Court will deny the County Defendants' motion.

## PROCEDURAL HISTORY

In the Seventh Claim for Relief contained in her Civil Complaint, Coffey contends that she is bringing a claim of discrimination under state and federal law against the County Defendants. The County Defendants represent that they are unable to frame a meaningful responsive pleading because they presently have no way of determining the limit or the extent of the common law, statutory, and/or constitutional claims that Coffey is attempting to make in the Seventh Claim. The County Defendants' motion requests that the Court order Coffey to provide a more definite statement for this one count.

At the hearing held on September 10, 2009, attorney Treva Hearne, on behalf of Coffey, made representations on the record that the Seventh Claim is grounded in a violation of the Fourteenth Amendment Equal Protection Clause arising from the disparate treatment of Native American inmates in detention facilities that the County Defendants ran. See Transcript of Hearing at 6:11-22 (taken September 10, 2009)(Hearne)("Tr.").[1] Ms. Hearne also made representations that, if presented with interrogatories or requests for admission by the County Defendants regarding these representations, she would respond with the same representations regarding the claim for relief that she made on the record before the Court. See Tr. at 7:16-24 (Hearne). Attorney William Slease, on behalf of the County Defendants, represented that he was satisfied with the representations that Ms. Hearne made about Coffey's claim. See Tr. at 7:10-15 (Slease).

## LAW REGARDING MOTIONS FOR A MORE DEFINITE STATEMENT

Rule 12(e) of the Federal Rules of Civil Procedure permits a party to file a motion for a more definite statement when that party is required to file a response to a pleading, but the pleading is so

---

[1] The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

vague or ambiguous that a response cannot reasonably be expected to be framed. Rule 12(e) specifies that a motion for more definite statement is made before interposing a responsive pleading. Motions for a more definite statement made pursuant to rule 12(e) are generally disfavored in light of the liberal discovery provided under the federal rules, and such a motion may be properly granted only if the complaint is so vague or ambiguous that a defendant cannot reasonably determine the issues requiring a response. See Peterson v. Brownlee, 314 F. Supp. 2d 1150, 1155 (D. Kan. 2004); Shaffer v. Eden, 209 F.R.D. 460, 464 (D. Kan. 2002). A motion for a more definite statement is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail. See Frazier v. Southeastern Pennsylvania Transportation Authority, 868 F. Supp. 757, 763 (E.D. Pa. 1994).

## ANALYSIS

The Court is unable to determine the statutory or common-law basis for Coffey's Seventh Claim for Relief from the face of the Complaint. The claim being brought by Coffey affects, among other things, the affirmative defenses that the County Defendants may need to raise, the facts that the County Defendants may need to explore in discovery, and the dispositive motions that the County Defendants may file. Coffey adequately provides the facts underlying her claim, but does not give sufficient notice of the legal claim she is attempting to bring.

The parties and the Court came to an agreement, however, during the hearing on this motion, on how to expediently proceed. Ms. Hearne represented that the Seventh Claim is a disparate treatment claim under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. The Court and Mr. Slease agreed that Coffey's representations on the record were sufficient to alleviate the ambiguity in the Complaint. Coffey's counsel provided further assurances that Coffey will timely answer interrogatories or respond to requests for admissions

made by the County Defendants regarding the nature of the Seventh Claim, under oath, providing the same information in discovery that her counsel made on the record. The Court is satisfied, under these safeguards presently on the record and possibly in discovery, that the County Defendants will now be able to move forward with their Answer or any dispositive motions they may wish to file.

**IT IS ORDERED** that the County Defendants' Motion for a More Definite Statement is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Scott E. Borg
Barber & Borg, LLC
Albuquerque, New Mexico

-- and –

Robert R. Hager
Treva J. Hearne
Hager & Hearne
Reno, Nevada

    *Attorneys for the Plaintiff*

William D. Slease
Jonlyn M. Martinez
Slease & Martinez, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendants*